**CIVIL COMPLAINT FOR THE UNITED STATES DISTRICT COURT**

# UNITED STATES DISTRICT COURT

# FOR THE MIDDLE DISTRICT OF FLORIDA

OCT 26 2026 AM11:55
FILED - USDC - FLMD - TPA

# TAMPA DIVISION

**WOODSON PIERRE,**

**Plaintiff,**

**v.**

**WAL-MART ASSOCIATES, INC.,**

**Defendant.**

**Case No.:** 8:26-cv-03244-TPB-GDP

**JURY TRIAL DEMANDED**

# COMPLAINT AND DEMAND FOR JURY TRIAL

IFP

**Plaintiff, Woodson Pierre, appearing *pro se*, brings this Action against Defendant, Wal-Mart Associates, Inc. ("Walmart"), to redress unlawful employment retaliation and discrimination under Title VII of the Civil Rights Act of 1964 and the Florida Whistleblower Act (FWA), Florida Statutes § 448.102 [Pierre v. Walmart Inc., EEOC No: 511-2026-00548]. In support thereof, Plaintiff respectfully alleges as follows:**

# I. JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331, as this action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*
2. This Court exercises supplemental jurisdiction over Plaintiff's Florida state law whistleblower claims pursuant to 28 U.S.C. § 1367, as the state law claims are so related to the federal claims that they form part of the same case or controversy.
3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events, omissions, and unlawful retaliatory acts giving rise to these claims occurred at Walmart Supercenter Store #5964, located at 8435 N Florida Ave, Tampa, FL 33604, which sits within the Middle District of Florida.

# II. PARTIES

1. Plaintiff, Woodson Pierre, is a resident of Hillsborough County, Florida. At all times relevant, Plaintiff was a full-time, hourly employee of Defendant Walmart, meeting the statutory definition of an "employee" under federal and state law [Pierre v. Walmart Inc., EEOC No: 511-2026-00548].

2. Defendant, Wal-Mart Associates, Inc., is a foreign profit corporation registered and actively operating in the State of Florida. Defendant may be formally served with legal process via its registered agent: **C T Corporation System, 1200 South Pine Island Road, Plantation, FL 33324**. At all times relevant, Defendant acted as an "employer" within the meaning of Title VII and Florida Statutes § 448.101. [1]

# III. ADMINISTRATIVE PREREQUISITES

1. Plaintiff has exhausted all administrative remedies required prior to initiating this action. On or about February 2026, Plaintiff filed a formal Charge of Discrimination against Defendant with the U.S. Equal Employment Opportunity Commission (EEOC Charge No. 511-2026-00548) [Pierre v. Walmart Inc., EEOC No: 511-2026-00548].
2. On **October 15, 2026**, the EEOC issued a formal Determination and Notice of Rights (Notice of Right to Sue) directly to Plaintiff [Pierre v. Walmart Inc., EEOC No: 511-2026-00548]. This Complaint is filed within ninety (90) days of Plaintiff's receipt of said notice, satisfying the timeliness requirements of 42 U.S.C. § 2000e-5(f)(1) [Pierre v. Walmart Inc., EEOC No: 511-2026-00548]. A copy of the Right to Sue Notice is attached hereto as **Exhibit E**.

# IV. STATEMENT OF FACTS

1. In January 2024, Plaintiff was hired by Defendant Walmart to work as a full-time associate in the Omni-Channel Promotion/Dispensing (OPD) department at Store #5964 [Pierre v. Walmart Inc., EEOC No: 511-2026-00548].
2. In May 2024, Plaintiff was issued a pretextual "Yellow coaching" disciplinary action regarding his automated picking speed metric [Pierre v. Walmart Inc., EEOC No: 511-2026-00548]. This discipline was a structural setup, as Plaintiff had been employed for less than 30 days in that specific system routing and was routinely assigned to separate physical task blocks [Pierre v. Walmart Inc., EEOC No: 511-2026-00548].
3. On August 11, 2024, completely contradicting Defendant's internal poor-performance narrative, Defendant corporate formally promoted Plaintiff to secure full-time tracking status with increased corporate healthcare and employment benefits [Pierre v. Walmart Inc., EEOC No: 511-2026-00548].
4. In **November 2025**, Plaintiff engaged in explicit statutory protected activity by refusing direct operational directives from his supervisor, Digital Team Lead Khadijah Bowers, to violate Walmart's strict, legally mandated internal **Cold Food Chain Safety Policy**. Ms. Bowers repeatedly ordered Plaintiff to dispense chilled and frozen groceries to consumer vehicles that had been left sitting out in high temperatures past their strict public health regulatory safety time limits. When Plaintiff refused to compromise consumer safety and

reported this hazardous selective enforcement internally, management's retaliatory hyper-surveillance severely escalated.

5. In late 2025, Plaintiff filed multiple formal internal corporate Ethics complaints against Ms. Bowers, reporting severe, continuous anti-Haitian national origin discrimination, a hostile work environment, verbal abuse, and physical hair-pulling battery committed against his person on the sales floor [Pierre v. Walmart Inc., EEOC No: 511-2026-00548].
6. Concurrently, in late 2025, Plaintiff filed a formal regulatory safety complaint with the U.S. Department of Labor's Occupational Safety and Health Administration (OSHA) regarding broken, hazardous backroom dispensing equipment that management forced associates to operate [Pierre v. Walmart Inc., EEOC No: 511-2026-00548].
7. In January 2026, Assistant Area Director Lizbeth Troche issued an official **Federal OSHA Closing Letter (Complaint No. 2341322)**, proving that federal investigators verified the structural safety hazards reported by Plaintiff [Pierre v. Walmart Inc., EEOC No: 511-2026-00548]. Walmart corporate was legally forced to sign paperwork admitting the safety violations were 100% accurate and was compelled to pull the hazardous equipment from the facility (**Exhibit D**) [Pierre v. Walmart Inc., EEOC No: 511-2026-00548].
8. On **January 31, 2026**, weeks after the federal OSHA safety violation was sustained, Plaintiff was performing outdoor dispensing duties during an extreme weather freeze event featuring tropical-storm-force wind gusts peaking at 54 mph [Pierre v. Walmart Inc., EEOC No: 511-2026-00548]. Plaintiff took a brief, emergency safety break to restore physical feeling to his numb hands.
9. In direct retaliation for his prior safety complaints and corporate Ethics disclosures, Ms. Bowers immediately terminated Plaintiff on the spot under the pretext of "low productivity." [Pierre v. Walmart Inc., EEOC No: 511-2026-00548] Defendant's binding, secure **SIDES regulatory database logs explicitly document Khadijah Bowers as the direct executing manager of Plaintiff's discharge (Exhibit A)** [Pierre v. Walmart Inc., EEOC No: 511-2026-00548].
10. On June 22, 2026, Defendant defaulted and skipped Plaintiff's state administrative appeal hearing. Plaintiff won a complete **Florida Department of Economic Opportunity (DEO) Administrative Appeal Victory (Exhibit B)**, leaving Plaintiff's sworn timeline and testimony regarding the retaliatory, extreme-freeze firing as the uncontradicted matter of state record [Pierre v. Walmart Inc., EEOC No: 511-2026-00548].

# V. STATEMENT OF DAMAGES

1. As a direct and proximate result of Defendant's unlawful, retaliatory termination, Plaintiff—a full-time college student working to fund his education—was stripped of his livelihood, causing immediate financial destruction [Pierre v. Walmart Inc., EEOC No: 511-2026-00548].

2. Defendant's actions directly forced Plaintiff into documented, sudden, acute housing instability and government-verified homelessness (**Exhibit C**) [Pierre v. Walmart Inc., EEOC No: 511-2026-00548].
3. This severe distress completely disrupted Plaintiff's academic track, forcing an immediate halt to his in-person architectural design transfer curriculum at Hillsborough Community College (HCC) [Pierre v. Walmart Inc., EEOC No: 511-2026-00548]. This disruption caused a compounding **4-year career detour**, delaying his professional entry into the architectural field, increasing ultimate tuition inflation costs, and severely damaging his long-term earning capacity [Pierre v. Walmart Inc., EEOC No: 511-2026-00548].
4. Plaintiff has maintained an unbroken, good-faith job mitigation log through Indeed to protect his back-pay damage model from corporate challenge [Pierre v. Walmart Inc., EEOC No: 511-2026-00548].

# COUNT I

# Retaliation Under the Florida Whistleblower Act (Fla. Stat. § 448.102)

1. Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 21 as if fully set forth herein.
2. Plaintiff engaged in statutorily protected expressions and actions under Florida law by refusing to participate in illegal public health violations regarding the Cold Food Chain Safety Policy and by reporting hazardous facility equipment directly to Federal OSHA [Pierre v. Walmart Inc., EEOC No: 511-2026-00548].
3. Defendant took a severe adverse employment action against Plaintiff by summarily terminating his full-time employment on January 31, 2026 [Pierre v. Walmart Inc., EEOC No: 511-2026-00548].
4. A direct causal connection exists between Plaintiff's protected whistleblower acts and his termination. Defendant's claimed metric excuses are a complete pretext, as proven by Defendant's formal corporate admissions to federal inspectors (**Exhibit D**) and their subsequent administrative default at the state level (**Exhibit B**) [Pierre v. Walmart Inc., EEOC No: 511-2026-00548].

# COUNT II

# Retaliation Under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-3)

1. Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 21 as if fully set forth herein.
2. Plaintiff engaged in protected activity under Title VII by lodging formal internal corporate Ethics complaints against Ms. Bowers regarding targeted anti-Haitian national origin harassment, a hostile work environment, and physical battery on the sales floor [Pierre v. Walmart Inc., EEOC No: 511-2026-00548].
3. Defendant had full knowledge of Plaintiff's protected opposition to discrimination prior to executing his discharge.
4. Defendant utilized an un-texted, blank metric log entry on January 31, 2026, as a retaliatory cover to purge a whistleblower, directly resulting in Plaintiff's extreme economic and physical distress [Pierre v. Walmart Inc., EEOC No: 511-2026-00548].

# PRAYER FOR RELIEF

# WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant Walmart, awarding the following relief:

1. **A. Compounding Back-Pay Damages** tracking all lost hourly wages, benefits, and workplace adjustments from January 31, 2026, through the date of judgment [Pierre v. Walmart Inc., EEOC No: 511-2026-00548];
2. **B. Substantial Front-Pay Damages** compensating Plaintiff for the 4-year professional architectural career derailment, lost educational credits, and future earning capacity

destruction caused by his housing displacement [Pierre v. Walmart Inc., EEOC No: 511-2026-00548];

3. **C. Compensatory Damages** for the severe physical trauma, emotional distress, and acute pain and suffering of being driven into documented homelessness [Pierre v. Walmart Inc., EEOC No: 511-2026-00548];
4. **D. Punitive Damages** under Title VII to punish Defendant's reckless and malicious indifference to Plaintiff's civil and statutory safety rights [Pierre v. Walmart Inc., EEOC No: 511-2026-00548]; and
5. **E. Any further legal or equitable relief** that this Court deems just and proper to fulfill a total opening litigation valuation of **$250,000.00** [Pierre v. Walmart Inc., EEOC No: 511-2026-00548].

# DEMAND FOR JURY TRIAL

**Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury on all issues so triable in this action.**

**Dated this 21st day of October, 2026.**

**Respectfully submitted**

**Woodson Pierre, Plaintiff Pro Se**

**P.O. Box 290034**

**Tampa, FL 33687**

**Phone: 727-432-6379**

**Email: Woodyw040@gmail.com**